01

02

03

04

05

06

07

08

09

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW FRANZINO BOLAR,  )
                          )
          Petitioner,     )   Case No. C05-2029-TSZ-JPD
                          )
     v.                   )
                          )
F. LUNA et al.,           )   ORDER DENYING PETITIONER'S
                          )   REQUEST TO CONDUCT
          Respondents.    )   DISCOVERY
_____ )

13   This matter comes before the Court upon petitioner's motion to conduct discovery in

14   this 28 U.S.C. § 2254 petition for writ of habeas corpus.[1]  Dkt. No. 29.  Petitioner seeks to

15   verify the identify of the author of a psychiatric report admitted during his trial.  *Id.*

16   Petitioner alleges, among other things, that the author does not exist and that the report was

17   fraudulent.  *Id.*; *see also* Dkt. No. 8, Claim No. 6.  Respondent argues that petitioner has

18   failed to exhaust this claim and that he has not shown good cause to permit discovery.  Dkt.

19   No. 33.  Having carefully reviewed the parties' papers, supporting documents, and balance of

20   the record, the Court ORDERS as follows:

21   (1)   Petitioner's request to conduct discovery (Dkt. No. 29) is DENIED at this

22   time.  Unlike ordinary civil litigants, habeas petitioners enjoy no right to discovery.  *Bracy v.*

23   *Gramley,* 520 U.S. 899, 904 (1997); *Bittaker v. Woodford,* 331 F.3d 715, 728 (9th Cir. 2003)

24

25

26

[1]On June 22, 2006, petitioner filed a motion to file an overlength brief (one additional page) in connection with this motion.  Dkt. No. 35.  That request is denied.  Petitioner's thirteen page motion was adequate and, as discussed below, discovery is not appropriate at this time.

ORDER DENYING PETITIONER'S REQUEST TO
CONDUCT DISCOVERY
PAGE -1

01 (en banc) (internal citations omitted).  Petitioners may, however, be granted leave to conduct

02 discovery "if, and to the extent that, the judge in the exercise of his discretion and for good

03 cause shown grants leave to do so, but not otherwise."  Rules Governing Section 2254 Cases

04 in the United States District Courts 6(a).  The district court therefore retains discretion to

05 ensure the petitioner's claims are given "careful consideration and plenary processing,

06 including full opportunity for presentation of the relevant facts. "  *Williams v. Woodford*, 384

07 F.3d 567, 590 (9th Cir. 2004) (internal citations and quotations omitted).

08       Allowing discovery on this matter at this point in the case is premature.  Among other

09 things, the parties dispute whether the claim at issue in this motion has been properly

10 exhausted.  Because the petition raises twenty-nine other grounds for relief that also require

11 exhaustion analysis, addressing the exhaustion issue on this particular claim and allowing

12 discovery would lead to an unnecessarily duplicative analysis and inefficient use of judicial

13 resources.  This is particularly true if the Court determines that discovery on other claims is

14 also necessary.  The Court therefore denies the motion at this time.

15       Once petitioner submits his reply, the Court will determine what claims have been

16 properly exhausted.  The Court will then determine what claims, if any, require further

17 factual development and direct that appropriate discovery, if any, be conducted at that time.

18 This process will facilitate an efficient resolution of this complex petition and ensure

19 petitioner has a "full opportunity for presentation of the relevant facts." *Williams*, 384 F.3d at

20 590.

21       (2)    The Clerk is directed to send a copy of this order to the parties and to the

22 Honorable Thomas S. Zilly.

23       DATED this 28th day of June, 2006.

24

25                               *James P. Donohue*

26                             JAMES P. DONOHUE
                            United States Magistrate Judge

ORDER DENYING PETITIONER'S REQUEST TO
CONDUCT DISCOVERY
PAGE -2